UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAWRENCE DANCIER JACKSON,<br><br>          Plaintiff,<br><br>     v.<br><br>T-MOBILE OPERATION: WALARM, T-MOBILE OPERATION: RELEASE WEAPONS, T-MOBILE OPERATION: CRASH, AND T-MOBILE OPERATORS WITH CODE NAMES,<br><br>          Defendants. | Case No. 4:21-cv-00415-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Lawrence Dancier Jackson's Complaint because of his status as a prisoner and request to proceed in forma pauperis. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant with immunity from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that it is subject to dismissal for failure to state a claim upon which relief can be granted.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

REVIEW OF COMPLAINT

1. Background

Plaintiff is a prisoner in the custody of the Shoshone-Bannock Tribal Correctional Facility. He asserts that, on June 28, 2021, he was online on his T-Mobile device reviewing his civil actions filed in Cases 4:21-cv-0036-DCN, 4:21-cv-00062-DCN, and 4:21-cv-00145-DCN. As he reviewed his complaints, he "had to suffer and endure threats and coercions from FBI advanced persistent threat radiological weapons training attacks that [his] civil rights complaints [] were about." Dkt. 3, p. 3. He alleges that his T-Mobile service was interrupted on his mobile device by Defendant "T-Mobile Operation: Walarm Code Name: REL." *Id*., pp. 3-4.

Thereafter, in his own words, "I Lawrence Dancier Jackson with very limited understanding of cyber warfare but with Texas A&M engineering extension service online Department of Homeland Security certifications for 'National Cybersecurity Preparedness Consortium' and 'Weapons of Mass Destruction Terrorism Awareness for Emergency Responders' and Center for Domestic Preparedness online critical infrastructure security agency college credit hours and peruse-ment of certified ethical hacking red team field manuel and blue team field manuel I had a conditioned response to exploitation because I was blind-sided and engaged against my choice." Dkt 3, p. 4 (verbatim). The rest of Plaintiff's allegations are similar. The end result of Defendants' actions is that it deprived him and his family of their only means of communication, putting their lives in jeopardy because of the COVID-19 pandemic and violating his "Idaho state constitutional rights Article 1 Inherent Dignity." *Id*., p. 8 (verbatim). Defendants allegedly did this in retaliation

for Plaintiff having filed his other civil rights complaints. Plaintiff also asserts: "This breach of the FDIA/Privacy Act has made me a target of International Terrorist Threat Groups including M16 and Al-Queda ISIS." *Id.*, pp. 10-11.

2. **Standard of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

The United States Court of Appeals for the Ninth Circuit has determined that a case or claim "is frivolous if it is of little weight or importance: having no basis in law or fact." *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)(internal citations and punctuation omitted). A litigant's allegations *that have no basis in law or fact* include those that can be described as "fanciful," "fantastic," or "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and without an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id*. at 1129.

3. Discussion

The Court has carefully reviewed Plaintiff's Complaint and found no possible colorable cause of action in light of the fanciful nature of the allegations. Plaintiff's other three civil rights causes of action are of a similar nature, and Plaintiff was not able to state a claim after being given opportunity to file an amended complaint. The Court concludes that this Complaint lacks merit entirely and cannot be saved by amendment. It would be a waste of public resources to entertain yet another amended complaint filled with fanciful allegations.

## ORDER

**IT IS ORDERED** that Plaintiff's Complaint (Dkt. 3) is DISMISSED with prejudice for failure to state a claim upon which relief can be granted, and the Application to Proceed in forma Pauperis (Dkt. 1) is DENIED as MOOT.

DATED: December 6, 2021

David C. Nye
Chief U.S. District Court Judge